Dear Court Clerk

FILED

JUL 18 2008

C-08-757 CRB

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7-12-08

I had Recieved an Order from the court Dated July 2 08 Order Of service

I also recieved a 60 Day extention notice included with a notice of a

discovery acceptence and amendment order to Amend The Doe defendants.

There was to be a Subpoena Blank form Noted being sent but I have not

recieven any yet. Please Re-AdJust the 60 Day extention order to be

noted the same date of receipt when I get it. Thank You !

Also is there a packet on Cival Procedures or filings on Interrogatories

and Rules of the court Packet,I am sorta Having trouble figuring out

what all to do and who I send stuff to.Im not even sure If I am doing

the subpoena notice right and How I file it. If there is anything to

assist me in a fair way so i could have the tools to effectively  plead

and defend my claim. Please send.

Sincerly Submitted;Jeffrey Walker

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**

JUL - 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFFREY E. WALKER,                     )
                                       )
        Plaintiff(s),                  )     No. C 08-0801 CRB (PR)
                                       )
   v.                                  )     ORDER OF SERVICE
                                       )
JANE LOVELLE, et al.,                  )          #10 - pr
                                       )
        Defendant(s).                  )
_____    )

Plaintiff, a prisoner at the California Medical Facility in Vacaville, has
filed a pro se First Amended Complaint for damages under 42 U.S.C. § 1983
("FAC") alleging that, while he was at the San Francisco County Jail, jail
officials denied him adequate mental health treatment. Among other things,
plaintiff alleges that despite his mental health history, the named defendants often
put him in situations where he was likely to injure himself or attempted suicide.

Liberally construed, plaintiff's allegations appear to state a cognizable §
1983 claim for deliberate indifference to serious medical needs against the named
defendants and will be ordered served. See Estelle v. Gamble, 429 U.S. 97, 104
(1976). Plaintiff may proceed against the unnamed Doe defendants if, within 60
days of this order, he identifies them via discovery (the clerk is sending him a
blank subpoena) and moves to amend to add them.

**Case Name:** _Jeffrey Walker v Jones Et, Al_

**Case Number:** _C-08-0757 CRB (PR)_

**Court:** _United States District Court_
_Norther District of California_

## PROOF OF SERVICE BY MAIL

I, _Jeffrey Walker_ declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on _7-13-08_ I served the attached: a true copy of the attached:

_see; Added page attached document
and subpoena order_

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

_Norther District of Cal
U.S Court House
450 Golden Gate Ave
Sanfrancisco CA, 94102_

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on the _7-13-08_ at California Medical Facility, Vacaville, California.

_Jeffrey Walker_
**Declarant**

_Jeffrey Walker_
**Declarant's Signature**

**Case Name:** *JeFFRey Walker v Jones Et, AL*

**Case Number:** *C-08-0757 CRB (PR)*

**Court:** *United states District court*
*Northern District of califorRni's*

# PROOF OF SERVICE BY MAIL

I, *Jeffrey Walker* declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on *7/3-08* I served the attached: a true copy of the attached:

*see! attached document and subpoena order*

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

*Attorney General*
*state of californi9*
*455 Golden Cate Ave #1160*
*San Francisco CA. 94102*

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on the *7/30 8* at California Medical Facility, Vacaville, California.

*JeFFRey Walker*
**Declarant**

*Jeffry Walker*
**Declarant's Signature**

Case 3:08-cv-00757-CRB    Document 9    Filed 07/18/2008    Page 5 of 24

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

**JEFFERY E. WALKER**

**SUBPOENA IN A CIVIL CASE**

V.

**OFFICER JONES ET AL**
Sanfrancisco County Jail

Case Number:[1]  **C-08-0757 CRB (PR)**

*Sherriff Henessy or head of Jail*

TO:    850 Bryant street

SanFrancisco ca.94103

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See:Adde Page attached

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Jeffrey Walker* | *July 13-08* |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

*CMF P.O.Box Vacaville CA. 95676-2000*

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/07) Subpoena in a Civil Case (Page 2)

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**

JUL - 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFFERY E. WALKER,                )
                                  )
          Plaintiff(s),           )    No. C 08-0757 CRB (PR)
                                  )
     vs.                          )    ORDER
                                  )
OFFICER JONES, et al.,            )    (Docket # 7)
                                  )
          Defendant(s).           )              $\lambda\ 8\ P^{\mu}$
_____   )

Plaintiff, a prisoner at the California Medical Facility in Vacaville, filed a

pro se complaint for damages under 42 U.S.C. § 1983 alleging that on January 5,

2006, while he was at the San Francisco County Jail, jail officials used excessive

and unnecessary force against him and denied him subsequent medical attention.

He names Officer Jones and various John and Jane Doe defendants, but links no

one to his allegations of wrongdoing.

Per order filed on March 14, 2008, the court dismissed the complaint with

leave to amend within 30 days. The court explained that plaintiff must identify

the Doe defendants through discovery and file a first amended complaint naming

them and Officer Jones, and setting forth specific facts as to how each individual

defendant violated his rights.

Plaintiff responded with a discovery request for the court. Per order filed

on April 15, 2008, the court explained that plaintiff must conduct his own

discovery. The court cannot do it for him. But in the interest of justice, plaintiff

1 | was afforded 60 days to identify the Doe defendants through discovery and file a
2 | first amended complaint.

3 | Plaintiff has not filed a first amended complaint. Instead, he recently filed
4 | a pleading identifying some Doe defendants and requesting additional time to
5 | conduct discovery to identify the other Doe defendants. Good cause appearing,
6 | plaintiff's request (docket # 7) is GRANTED. Plaintiff will be afforded a final
7 | opportunity to identify the remaining Doe defendants (the clerk is sending him a
8 | blank subpoena) and file a first amended complaint within 60 days of this order.

9 | The first amended complaint must be simple and concise and must include
10 | the caption and civil case number used in this order and the words FIRST
11 | AMENDED COMPLAINT on the first page. Plaintiff may not file partial
12 | amendments to the original complaint. He must file an amended complaint
13 | naming all defendants and specifically alleging how each violated his federally
14 | protected rights. Claims and defendants not included in the amended complaint
15 | will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th
16 | Cir. 1987).

17 | Failure to file a proper first amended complaint within the designated time
18 | will result in the dismissal of this action.

19 | SO ORDERED.
20 | DATED: July 3, 2008

CHARLES R. BREYER
21 | United States District Judge

26 | G:\PRO-SE\CRB\CR 08\Walker, J1.or2.wpd

2

PLAINTIFFS INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENT

Pursuant to Rule 33 and 34,Fed.R.Civ.p The plaintiff submits the following
Interrogatories and Request for documents to the defendants.
You are directed to answer each of the Interrogatories in writing Under oath
and produce each Requested documents for Inspection and Copying,Or since I
am In Custody Send Documents Requested To me at The adress Listed With the
Court on This file Number,withen 30 Days of Service.

1.State The Duties of Bendebel Asuncion,CN Working medical or Mental Health at
   CJ 8 SanFrancisco county Jail S.A.P.H Housing unit in 2005
2.Is This person Still Working There ? If Not Where is New Location /
3.State The Duties Of JANE LOVELLE CJ 8 Cite Manager for SanFrancisco County
   Jail Mental Health department 2005
4.Is This party still working at The jail ? If Not What is new Location
5.State The Duties of Nilson Stacia,Therapist working Mental Health 2005 at
   SanFrancisco county Jail and if she Is still working there,If Not what is
   New location

6.State The names,titles and Duties of all deputies working CJ 8 on 1-3-06
   at approxamatly Between The hours of 5 P.M. till shift Change that evening
  A.Control booth Officers Full Names ,C pod Officer Monitoring Rounds,
    Supervisor SerGeant and Sr Deputy
7.State The Procedural policy for safety Cell Placements During May 25-05 to
   January 17-2006
8.State and Provide The Use of force polocies
9.I am Requesting any and all Grievances Filed by Plaintiff during May 25-05
   till january 2006
10.State the names,Titles and duties of all staff members at SanFrancisco count
   Jail who have responsability for responding to investigating or deciding in-
   ate grievences That plaintiff submitted from May 25-2007 to Jan-17-06

Interragatories continued

11. State and produce any and all policies concerning self InJurous behavior
    By Inmates from May 2005 To Jan 17-2006

12. Please provide all Captains full Names and job discription in units----
    CJ 8, CJ 1 , CJ 2 , During May 25-05 till Jan 17-06

13. Please note if These captains are still working There at SanFrancisco County
    Jail or if There is a new Location and Adress.

14 Please also note the nationality of each Captain Requested and Job Hours.

15. Please Provide Restrain chair policy from May 25-08 to Jan -17-06

16. Please Provide any and all investigation Complaint reports,tape recordings,
    and interview Documents including any photos taken of Injuries of plaintiff
    Grievences from May 25-05 to Jan 17-06

17. Please Provide any and all Log Outs Of plaintiff being taken to SanFrancisco
    General hospital and returns from May 25 05 to Jan-17-06

18. Please Provide the Full Name of Lieutenant Paußson working CJ 2 2005

19. Please Provide the full Name of SRGNT Cabebe Cabebe Working CJ 8 In
    May 25-05 to Jan 17-06

20. Please provide all Plaintiffs cell Moves from may 25-05 to jan 17-06
    in all units at sanfrancisco county jail

21. State the Names,titles and duties of all officers and supervisors working
    CJ 8 1-4-06

22. State The captain in Charge Of Unit Inspection CJ 8 and what dates they were
    on from 1-3-06 to 1-15-06 and nationality Including gender

Seprate Service — Same case

**Case Name:** _JEFFREY WALKER V OFFicer Jones Et, Al_

**Case Number:** _C-08-0757 CRB (PR)_

**Court:** _United States District Court_
_Northern District of California_

# PROOF OF SERVICE BY MAIL

I, _Jeffrey Walker_ declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on _7-13-08_ I served the attached: a true copy of the attached:

_See! subpoena and attached documents with court order_

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

_Attorney General/_
_State of California #1100_
_455 Golden Gate Ave_
_San Francisco CA. 94102_

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on the _7-13-08_ at California Medical Facility, Vacaville, California.

_Jeffrey Walker_
**Declarant**

_Jeffrey Walker_
**Declarant's Signature**

**Case Name:**    _JEFFREY WALKER v Jones Et/AL_

**Case Number:**    _C-08-0757_

**Court:**    _____

# PROOF OF SERVICE BY MAIL

I,    _Jeffrey Walker_    declare:

That I am over the age of eighteen years of age and am not a party to the above entitled cause of action. That I reside in Solano County, California at the California Medical Facility, at 1600 California Drive, P.O. Box 2500, Vacaville, California, 95696-2500.

That on    _7-13-08_    I served the attached: a true copy of the attached:

see: subpoena and attached document
with court order

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal legal mail collection system at the California Medical Facility, Vacaville, California, addressed as follows:

united states District court
Northern District of California
450 Golden Gate Ave
San Francisco CA. 94102

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct. That this proof of service was executed on the    _7-13-08_    at California Medical Facility, Vacaville, California.

_Jeffrey_
**Declarant**

_Jeffrey Walker_
**Declarant's Signature**

AO88  (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

Northern District of California

JEFFERY E. WALKER

**SUBPOENA IN A CIVIL CASE**

V.

OFFICER JONES ET AL

Case Number:[1]  **C-08-0757 CRB (PR)**

TO:  BENDEBEL ASUNCION,CN
NILSON STACIA,THERAPIST
850 Bryant st
SanFrancisco County Jail,Mental health & Medical Department
SanFrancisco ca.94103

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| Answer and respond to Interrogatories<br>See:Adde Page Interrogatories enclosed<br>  for each Seperate Party | |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *(signature)* Walker | July 13-08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

*Calif P.O. Box 3000, Vacaville ca, 95696-3000*

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) Protecting a Person Subject to a Subpoena.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**FILED**

JUL — 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JEFFERY E. WALKER,                    )
                                      )
          Plaintiff(s),               )    No. C 08-0757 CRB (PR)
                                      )
     vs.                              )    ORDER
                                      )
OFFICER JONES, et al.,                )    (Docket # 7)
                                      )
          Defendant(s).               )
_____     )

Plaintiff, a prisoner at the California Medical Facility in Vacaville, filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that on January 5, 2006, while he was at the San Francisco County Jail, jail officials used excessive and unnecessary force against him and denied him subsequent medical attention. He names Officer Jones and various John and Jane Doe defendants, but links no one to his allegations of wrongdoing.

Per order filed on March 14, 2008, the court dismissed the complaint with leave to amend within 30 days. The court explained that plaintiff must identify the Doe defendants through discovery and file a first amended complaint naming them and Officer Jones, and setting forth specific facts as to how each individual defendant violated his rights.

Plaintiff responded with a discovery request for the court. Per order filed on April 15, 2008, the court explained that plaintiff must conduct his own discovery. The court cannot do it for him. But in the interest of justice, plaintiff

1 | was afforded 60 days to identify the Doe defendants through discovery and file a
2 | first amended complaint.

3 |     Plaintiff has not filed a first amended complaint. Instead, he recently filed
4 | a pleading identifying some Doe defendants and requesting additional time to
5 | conduct discovery to identify the other Doe defendants. Good cause appearing,
6 | plaintiff's request (docket # 7) is GRANTED. Plaintiff will be afforded a final
7 | opportunity to identify the remaining Doe defendants (the clerk is sending him a
8 | blank subpoena) and file a first amended complaint within 60 days of this order.

9 |     The first amended complaint must be simple and concise and must include
10 | the caption and civil case number used in this order and the words FIRST
11 | AMENDED COMPLAINT on the first page. Plaintiff may not file partial
12 | amendments to the original complaint. He must file an amended complaint
13 | naming all defendants and specifically alleging how each violated his federally
14 | protected rights. Claims and defendants not included in the amended complaint
15 | will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th
16 | Cir. 1987).

17 |     Failure to file a proper first amended complaint within the designated time
18 | will result in the dismissal of this action.

19 | SO ORDERED.
20 | DATED: July 3, 2008

                               CHARLES R. BREYER
21 |                                United States District Judge

26 | G:\PRO-SE\CRB\CR.08\Walker, J1.or2.wpd

28 | 2

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

SUBPOENA IN A CIVAL CASE No C-08-0757 CRB (PR)

PLAINTIFFS INTERROGATORIES AND REQUEST FOR Admissions and answers
Pursuant to Rule 36,Fed.R.Civ P Plaintiff Request the defendants
To make the following admissions withen 30 Days after the service
of this request.

### QEUSTIONS TO:BENDEBEL ASUNCION,CN

1.Were you working at the Sanfrancisco county jail 1-3-06 at 19:44 P.M.

2.What was your Job possition

3.Do you recall plaintiffs name From County Jail

4.On 1-3-06 at approxamately 19:44 Hours = to 7:44 P.M. Do you recall filling
  out a Medical or Mental health Evaluation Form on plaintiff who was placed
  Into Safety Cell.

5.You noted plaintiff was placed In Safety cell and was observed Injuring him-
  self by banging his head on the door and was yelling and agitated.
  Is this True

6.You had also Noted Plaintiff Said The deputies stepped on him Is this correct

7.You also stated in your report That you noticed InJuries to L Cheek extending
  to left ear Lobe and that Plaintiffs Wrist was slightlt swollen with abrassion
  above the healing scar from a previous Injury,Is this correct.

8.Do you know what that Previous InJury was From ?

9.You also stated that Plaintiff Said his nech Hurt is this correct ?

10.Did you observe the officers Placing Plaintiff In Safety cell ?

11.If so How many were There ?

12.Was a Supervisor or sergeant Present ? If so What was Full Name ?

13.Was It a Male or Female Sergeant ?

14.Were There any Photos taken Of wounds ?

15.Did you notify anyone that Plaintiff had made a complaint against staff
  and claimed he was Injured .

16.Did you notify anyone that there was Face InJury or Facial Marks

Is this correct ?

18. Did you refer him ?

19. Did you notify anyone of this request ?

20. Who was your supervisor working that Day ?

21. Was there a psych on Duty ? If so Who and were they called ?

22. Are you familar with the procedural policies on Self InJurous Behavior In Safety cell ?

23. Was that Policy followed ? If not why Not ?

24. Isnt It true that Stacy Nilson Therapist came to see Plaintiff ?

25. Did she also talk with you ?

26. Did she tell you or anyone that Plaintiff was still Injuring himself ? at approxamatly 21:15+= 9:15 P.M.

27. Isnt it true that at 22:03 = 10:03 P.M 2 Hours or so after you first saw Plaintiff he was still Injuring himself ?

28. Didnit you state that Plaintiff was Injuring himself by hitting the ceiling ?

29. You also Stated that Plaintiffs R-Anterior Wrist was swollen and that there was an abrasion and redness correct ?

30. Did you prevent this ?

31. Did you order restraint chair ?

Did you notify anyone that plaintiff was still injuring himself /

32. If so who and what did they do ? Please give full names Of Parties you told.

33. How long did you stand and watch Plaintiff ?

34. Was there a sheriff monitoring his checks ? If so Who ? Full Name.

35 at approxamatly 23:44 = 11:44 P.M. you came back to plaintiffs safety cell to check on him correct ?

36. Didnt you note that plaintiff was still hurting himself ?

37. Infact didnt you state that Plaintiff was destroying property by tpilling or removing the styrafoam on the wall and threatning to eat it ?

38. Didnt you also note that plaintiff had Requested a restraint chair ?

39. Was one provived ?

40. Didnt you also note you saw from the glass superficial bleeding from wrist an hand Knuckles red.

41. Did you tell officers ?

42. If so who and what did they do /

43. Didnt you call PES-Md who is that and whats ther full name and Position ?

44. If you did not call Pes MD who did ?

45. Who is Cecil Rn Full Name and Job Possition

46. What was the protacol Procedure for such behavior ?

47. Did you speak with Sergeant cabebe ?

48. What did he do ?

49. Who is Loui RN Full Name and what did LOUI say ?

50. Is it normal practise to allow a person to harm themselves for hours ?


So Submitted with Later request to qeustion after the full names

and qeustions have ared by other defendants whos doe names are no

yet established


Jeffrey Walker F11343
CMF P.O. Box 2000
Vacaville CA. 95696-2000
mailing address.

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

SUBPOENA IN CIVAL CASE No-08-0757 CRB (PR)

PLAINTIFFS INTERROGATORIES AND REQUEST FOR ADMISSION AND ANSWERES
Pursuant to Rule 36,Fed.R.Civ P Plaintiff Request the defendants
to make the following admissions withen 30 Days aftyer the service
of this request.

Qeustions to: Stacy Nilson,Therapist

9.Were you working at the sanfrancisco county jail 1-3-05 ?

2.What was your job discription ?

3.Are you familar with Plaintiff /

4Didnt you come to check on plaintiffs mental health condition ?

5,Were you told plaintiff wad been injuring himself ?

6.are you familar with patients who have suffered from past trauma ?

7.If placed in certain sittuations wouldnt there Past experiences that were
  traumatic cause a reaction ?

8.Do some Patients who suffer from trauma suffer self injurous behavior /

9.Even become violent ?

10.Do some even commit or attempt suicide /

11.Are you familar with plaintiffs mental health history through the years ?

12.were you aware that plaintiff had self Injurous past behaviors in the
   Jail.

13.Did you know the extent of his past tramatis sit is ion: ?

14.wasnt some noted in his file mental health records such as past prison
   bad sittuations with gaurds and gladiater fights

15 wasnt it also noted of other experiences.

16.were you familar with his arest charges ?

17.What is the procedural policy for safety cell self injurous behavior ?

18.What is the procedural policy for restraint chair

19.If plaintiff wasnt sufferin from a mental health condition why was he left
   in safety cell

20. Infact didnt you note that it was beleaved that his current behavior was volitional and not due to any mental health history.

21. Had you known if plaintiff had ever been diagnosed in past of any mental condition

22. Didnt you styate that client was teaRING OFF STRING TO SAFETY GARMENT TO hurt himself

23. Infact you stated he threatned to use it didnt you ?

24. Whats the normal policy for suicidal or self injurous behavior threats /

25. Didnt you stae plaintiff had a history of self injurous behavior /

26. were you present when officers placed plaintiff in cell

27. so you dont know personaly what took place do you /

38. Infact isnt your whole bases in your documents based on what staff have said

39, Isnt it true that plaintiff has made numerous complaints of staff misconduct

40. Who noted Narcissistic personality disorder and what was it based on

41. Isnt it true staff went so far as to check to see if plaintiffs website of his business was on line /

42. Do you know why this was done /

43. Isnt it also true that there is notation in mental health file of violent sexual predator noted or violent sex acts in his history.

44. Was that ever verified if so were and by who ?

45. Were you aware that plaintiff was aquitted of all sexual alligations

46. Is it normal practise for any mental health staff to allow a person to injure themselves for hours and staff do nothing

47. You also stated plaintiff did not meet 51/50 so why was he left in safety cell and not recomended to be let out ?

48 is the Safety cell used for punishment ?

Jeffry Walker F11343
CMF P.O.BOX 2000
Vacaville CA. 95696-2000
          mailing address

JEFFREY WALKER F/1343
CMF P.O. Box 2000
Vacaville CA. 95696-2000

Confidential Legal
Mail

OFFICE of the clerk, U.S. DISTRICT court
Northern District of california
450 Golden Gate Ave
San Francisco CA. 94/02

CA MEDICAL FACILITY

c/o Crawford -7/13/08