United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E WALKER, | No. C 08-00757 CRB (PR) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| JONES, et al., | |
| Defendants. | |

Plaintiff requests the appointment of counsel to represent him in this action.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. See id.

1  The court is unable to assess at this time whether exceptional circumstances exist which
2 would warrant seeking volunteer counsel to accept a pro bono appointment. The proceedings are at
3 an early stage and it is premature for the court to determine plaintiff's likelihood of success on the
4 merits. Accordingly, the request for appointment of counsel at this time is DENIED. This does not
5 mean, however, that the court will not consider appointment of counsel at a later juncture in the
6 proceedings, that is, after defendants have filed their upcoming motion for summary judgment and
7 the court has a better understanding of the procedural and substantive matters at issue.
8 SO ORDERED.

Dated: June 22, 2009

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.08\Walker, J1.or5.wpd

2