

1
2
3
4
5
6
7    IN THE UNITED STATES DISTRICT COURT
8    FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10   JEFFREY E. WALKER,                      )
                                            )
11        Plaintiff(s),                     )      No. C 08-0757 CRB (PR)
                                            )
12        v.                                )      SECOND ORDER OF
                                            )      SERVICE
13   OFFICER JONES, et al.,                 )
                                            )
14        Defendant(s).                     )
                                            )
15

16       Plaintiff, a prisoner at the California Medical Facility in Vacaville, filed a

17   pro se First Amended Complaint (FAC) for damages under 42 U.S.C. § 1983

18   alleging that on January 3, 2006, while he was at the San Francisco County Jail,

19   jail officials used excessive and unnecessary force against him and denied him

20   subsequent medical attention. He named jail correctional officer Jones and

21   Sergeant Cabebe, and jail medical staff members Asuncion Bendebel and Stacy

22   Nilson, as well as several Doe defendants.

23       Per order filed on December 12, 2008, the court found that, when liberally

24   construed, plaintiff's allegations appear to state cognizable claims under § 1983

25   for use of excessive force and deliberate indifference to serious medical needs

26   against the named defendants and ordered them served. The court advised

27   plaintiff that he could proceed against the unnamed Doe defendants if, within 60

28   days, he identified them via discovery and moved to amend to add them.

Plaintiff has now filed a request to amend to name several Doe defendants he only recently was able to identify through discovery – correctional officers Kuhns, James, Quock and Nuti, and senior officer Newcomer. The request is GRANTED and the clerk is instructed to file the proposed amended complaint attached to plaintiff's request to amend as plaintiff's Second Amended Complaint (SAC). All Doe defendants not yet identified are dismissed.

Liberally construed, the allegations in the SAC appear to state cognizable claims under § 1983 for use of excessive force and deliberate indifference to serious medical needs against the named defendants – correctional officers Jones, Kuhns, James, Quock and Nuti, Sergeant Cabebe, senior officer Newcomer, and medical staff members Asuncion Bendebel and Stacy Nilson. See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992); Estelle v. Gamble, 429 U.S. 97, 104 (1976). Officer Jones, Sergeant Cabebe and nurse Bendebel already have appeared in this action, but the other named defendants have not.

Good cause appearing therefor, the clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the SAC in this matter, all attachments thereto, and copies of this order on the following named defendants at the San Francisco County Jail: Officers Kuhns, James, Quock and Nuti, Senior Officer Newcomer and therapist Stacy Nilson (medical staff). The clerk also shall serve a copy of this order and the SAC on plaintiff and other parties.

In order to expedite the resolution of this case, the court requests that, by no later than September 30, 2009, the San Francisco City Attorney's Office file an appearance on behalf of all named defendants and orders that, by no later than December 1, 2009, it file a motion for summary judgment on behalf of all named defendants. (The dispositive motion due date of August 24, 2009 is continued to

2

December 1, 2009.) If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

Plaintiff's opposition to motion for summary judgment shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

3

1    The motion shall be deemed submitted as of the date the reply brief is due.

2    No hearing will be held on the motion unless the court so orders at a later date.

3    Discovery may be taken in accordance with the Federal Rules of Civil

4    Procedure. No further court order is required before the parties may conduct

5    discovery.

6    All communications by plaintiff with the court must be served on

7    defendants, or defendants' counsel once counsel has been designated, by mailing

8    a true copy of the document to defendants or defendants' counsel.

9    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the

10   court and all parties informed of any change of address and must comply with the

11   court's orders in a timely fashion. Failure to do so may result in the dismissal of

12   this action pursuant to Federal Rule of Civil Procedure 41(b).

13   SO ORDERED.

14   DATED: ___**AUG 1 1 2009**___

15   CHARLES R. BREYER
     United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28   G:\PRO-SE\CRB\CR.08\Walker, J1.serve2.wpd          4